UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAINE V. GRAY, II,

    Plaintiff,

v.                                        Case No. 09-cv-13404

MICHIGAN DEPARTMENT OF CIVIL RIGHTS,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

Before the court is Plaintiff Blaine V. Gray II's *pro se* complaint, filed August 27, 2009. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed *in forma pauperis.* Because the court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1),[1] the court may, and will, summarily dismiss Plaintiff's complaint as frivolous and for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD**

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or

---

[1]In his application to proceed *in forma pauperis*, Plaintiff states that he is unemployed, that the only money he receives is from state assistance, that he has no money in a checking or savings account, and that he has no other assets. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless."  *Brown*, 207 F.3d at 866.

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true.  *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II.  DISCUSSION

Plaintiff brings this civil action citing to federal crimes under 18 U.S.C. § § 241, 242, 245, and citing to 42 U.S.C. § 14141, which gives the Attorney General authority to bring a civil action for "pattern or practice" of unconstitutional conduct by law enforcement or government officials with authority over juveniles.  (Compl. at 9-10, 16.) Plaintiff describes the cause of action as one for "[d]iscriminatory [h]arassment, "violation of due process," "conspiracy to oppress," "deprivation of rights," and "interference & intimidation."  (*Id.* at 16.)  The basis of Plaintiff's complaint is that he has attempted to gain assistance from Defendant Michigan Department of Civil Rights, and he has "been

refused repeatedly in regards to every issue [he] submitted." (*Id.* at 1.) The underlying issue for which Plaintiff has sought assistance from Defendant is that Plaintiff was "the victim of serious crime and [has], even unto this day, not been allowed any right a born citizen of the U.S.A. has." Specifically, Plaintiff alleges he "was drugged, shot and [his] children, one unborn and the other Kemiya Lo Gray[,] were murdered." (*Id.*) Plaintiff states that he went to the hospital after the drugs wore off, but he did "did not immediately contact a lawyer because of the sign at the hospital that read 'patient rights.'" (*Id.* at 2.) Plaintiff has contacted numerous government agencies, including Defendant, regarding these events, yet has received "no real assistance." (*Id.*) Plaintiff demands five million dollars. (*Id.* at 16.)

      The court finds that Plaintiff's complaint is legally frivolous. Even if the federal statutes upon which Plaintiff bases his complaint were applicable to the facts of the present case, the enforcement of these statutes is vested in the Department of Justice, not private individuals. Plaintiff has not identified any federal statute which entitles him to relief; nor is the court aware of any such statute. Because Plaintiff's complaint lacks "an arguable basis in law," the court will dismiss Plaintiff's complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *Brown*, 207 F.3d at 866.

      Also, to the extent that Plaintiff's *pro se* complaint could be liberally construed to be based on a cognizable legal theory, such as one for unlawful discrimination or a violation of due process, the complaint fails to contain facts that demonstrate Plaintiff has stated a claim for which he is entitled to relief. In both communications with the Defendant that Plaintiff included in the complaint, Defendant stated that it would not take further action because Plaintiff identified no issue in which Defendant had jurisdiction.

(Compl. at 12-14.) Plaintiff has not alleged any facts demonstrating these denials were in violation of the Constitution or federal statute. Because the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B).

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted.

                                                  S/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 9, 2009, by electronic and/or ordinary mail.

                                                   S/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522